951 So.2d 804 (2007)
In re AMENDMENTS TO THE FLORIDA RULES OF JUVENILE PROCEDURE.
No. SC06-2151.
Supreme Court of Florida.
February 8, 2007.
Mary Katherine Wimsett, Chair, The Florida Bar Juvenile Court Rules Committee, Guardian Ad Litem Program, Gainesville, FL and John F. Harkness, Jr., Executive Director and Ellen H. Sloyer, Staff Liaison, The Florida Bar, Tallahassee, FL, for Petitioner.
PER CURIAM.
The Juvenile Court Rules Committee has filed a petition proposing "fast track" amendments to the Florida Rules of Juvenile Procedure in response to the 2006 Florida Legislature's amendment of various Florida Statutes. We have jurisdiction. See art. V, § 2(a), Fla. Const.; Fla. R. Jud. Admin. 2.140(e).
The Committee proposes amending the following eight existing rules and seven existing forms: rule 8.240 (Computation, Continuance, Extension, and Enlargement of Time); rule 8.250 (Examinations, Evaluations, and Treatment); rule 8.257 (General Magistrates); rule 8.305 (Shelter Petition, Hearing, and Order); rule 8.330 (Adjudicatory Hearings); rule 8.400 (Case Plans); rule 8.410 (Approval of Case Plans); rule 8.415 (Judicial Review of Dependency Cases); form 8.929 (Detention Order); form 8.947 (Disposition Order-Delinquency); form 8.950 (Restitution Order); form 8.951 (Motion for Juvenile Sexual Offender Placement); form 8.961 (Shelter Order); form 8.966 (Adjudication Order-Dependency); and form 8.970 (Order on Judicial Review). The Committee further proposes the adoption of the following three new rules and two new forms: rule 8.420 (Case Plan Amendments); rule 8.425 (Permanency Hearings); rule 8.430 (Modification of Permanency Order); form 8.975 (Order Authorizing Child to Enter into Residential Leasehold Before the Child's 18th Birthday); and form 8.976 (Proposed Relative Placement). The proposals were published by The Florida Bar in the November 1, 2006, edition of The Florida Bar News and comments were invited. No comments were received.
Having considered the petition, we adopt the Committee's proposals with one addition and one alteration to the proposed amendments as set forth below.
We amend rule 8.240 to establish time limitations on proceedings to establish a permanent placement for a child in the dependency system and to list the only permissible circumstances under which the juvenile court may grant continuances in the proceedings. We do this by the addition of a new subdivision (d)(4) to list the exceptions to time limitations and the amendment of renamed subdivision (d)(5), which was previously numbered (d)(4). However, we add the word "reasonable" to the beginning of subdivision (d)(4)(D) such that the subdivision states: "Reasonable periods of delay necessary to accomplish notice of the hearing to the parent or legal guardian."
We adopt the proposed form titled "Order Authorizing Child to Enter into Residential Leasehold Before the Child's 18th Birthday," but assign the form the number 8.977. We do this because the number proposed by the Committee, 8.975, has already been assigned to a new form adopted by the Court in In re Amendments to the Florida Rules of Juvenile Procedure, 939 So.2d 74, 84-86 (Fla.2006).
The remaining proposed amendments and new rules and forms are adopted as proposed by the Committee. These *805 amendments are effective immediately upon the release of this opinion.

CONCLUSION
Accordingly, we amend the Florida Rules of Juvenile Procedure as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type.
It is so ordered.
LEWIS, C.J., and WELLS, ANSTEAD, PARIENTE, QUINCE, CANTERO, and BELL, JJ., concur.

APPENDIX
RULE 8.240. COMPUTATION, CONTINUANCE, EXTENSION, AND ENLARGEMENT OF TIME
(a)  (c) [No Change]
(d) Continuances and Extensions of Time.
(1) A motion for continuance, extension, or waiver of the time standards provided by law and found in this rule shall be in writing and signed by the requesting party. On a showing of good cause, the court shall allow a motion for continuance or extension to be made ore tenus at any time during the proceedings.
(2) A motion for continuance, extension, or waiver of the time standards provided by law shall not be made in advance of the particular circumstance or need that would warrant delay of the proceedings.
(3) A motion for continuance, extension, or waiver of the time standards provided by law shall state all of the facts that the movant contends entitle the movant to a continuance, extension, or waiver of time including:
(A) the task that must be completed by the movant to preserve the rights of a party or the best interests of the child who is the subject of the proceedings;
(B) the minimum number of days absolutely necessary to complete this task; and
(C) the total number of days the proceedings have been continued at the request of any party within any 12-month period.
(4) These time limitations do not include the following:
(A) Periods of delay resulting from a continuance granted at the request of the child's counsel or the child's guardian ad litem or, if the child is of sufficient capacity to express reasonable consent, at the request of or with the consent of the child.
(B) Periods of delay because of unavailability of evidence that is material to the case if the requesting party has exercised due diligence to obtain the evidence and there are substantial grounds to believe that the evidence will be available within 30 days. However, if the requesting party is not prepared to proceed within 30 days, any other party may move for issuance of an order to show cause or the court on its own motion may impose appropriate sanctions, which may include dismissal of the petition.
(C) Periods of delay to allow the requesting party additional time to prepare the case and additional time is justified because of an exceptional circumstance.
(D) Reasonable periods of delay necessary to accomplish notice of the hearing to the parent or legal custodian.
(45) Notwithstanding subdivision (4), Pproceedings may not be continued or extended for more than a total of 60 days for all parties within any 12-month period. A continuance or extension of time standards beyond 60 days in any 12-month period may be granted only on a finding by the court of extraordinary circumstances and that the continuance or extension of time standards is necessary to preserve the *806 constitutional rights of a party or that there is substantial evidence demonstrating that the child's best interests will be affirmatively harmed without the granting of a continuance or extension of time.
RULE 8.250. EXAMINATIONS, EVALUATION, AND TREATMENT
(a) [No Change]
(b) Parent, Legal Custodian, or Other Person who has Custody or is Requesting Custody. At any time after the filing of a shelter, dependency, or termination of parental rights petition, or after an adjudication of dependency or a finding of dependency when adjudication is withheld, when the mental or physical condition, including the blood group, of a parent, legal custodian, or other person who has custody or is requesting custody of a child is in controversy, any party may request the court to order the person to submit to a physical or mental examination or a substance abuse evaluation or assessment by a qualified professional. The order may be made only on good cause shown and after notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made. The person whose examination is sought may, after receiving notice of the request for an examination, request a hearing seeking to quash the request. The court may, on its own motion, order a parent, legal custodian, or other person who has custody or is requesting custody to undergo such evaluation, treatment, or counseling activities as authorized by law.

Committee Notes

[No Change]
RULE 8.257. GENERAL MAGISTRATES
(a)  (c) [No Change]
(d) Hearings.
(1) The general magistrate shall assign a time and place for proceedings as soon as reasonably possible after the referral is made and give notice to each of the parties either directly or by directing counsel to file and serve a notice of hearing. If any party fails to appear, the general magistrate may proceed ex parte or may adjourn the proceeding to a future day, giving notice of the adjournment to the absent party. The general magistrate shall proceed with reasonable diligence in every referral and with the least delay practicable. Any party may apply to the court for an order to the general magistrate to speed the proceedings and to make the report and to certify to the court the reason for any delay.
(2) The general magistrate shall take testimony and establish a record which may be by electronic means as provided by Florida Rule of Judicial Administration 2.070(g)(3)2.535(g)(3) or by a court reporter. The parties may not waive this requirement.
(3) The general magistrate shall have authority to examine under oath the parties and all witnesses on all matters contained in the referral, to require production of all books, papers, writings, vouchers, and other documents applicable to it, and to examine on oath orally all witnesses produced by the parties. The general magistrate may take all actions concerning evidence that can be taken by the circuit court and in the same manner. The general magistrate shall have the same powers as a circuit judge to use communications equipment as defined and regulated by Florida Rule of Judicial Administration 2.0712.530.
(4) The notice or order setting a matter for hearing shall state whether electronic recording or a court reporter is provided by the court. If the court provides electronic recording, the notice shall *807 also state that any party may provide a court reporter at that party's expense, subject to the court's approval.
(e)  (h) [No Change]
RULE 8.305. SHELTER PETITION, HEARING, AND ORDER
(a) [No Change]
(b) Shelter Hearing.
(1) The parents or legal custodians of the child shall be given actual notice of the date, time, and location of the shelter hearing. If the parents are outside the jurisdiction of the court, are not known, cannot be located, or refuse or evade service, they shall be given such notice as best ensures their actual knowledge of the date, time, and location of the shelter hearing. If the parents or legal custodians are not present at the hearing, the person providing, or attempting to provide, notice to the parents or legal custodians shall advise the court in person or by sworn affidavit of the attempts made to provide notice and the results of those attempts.
(2) The court shall conduct an informal hearing on the petition within the time limits provided by law. The court shall determine at the hearing the existence of probable cause to believe the child is dependent and whether the other criteria provided by law for placement in a shelter have been met. The shelter hearing may be continued for up to 72 hours with the child remaining in shelter care if either:
(A) the parents or legal custodians appear for the shelter hearing without legal counsel and request a continuance to consult with legal counsel; or
(B) the court determines that additional time is necessary to obtain and review documents pertaining to the family to appropriately determine the risk to the child.
(3) The issue of probable cause shall be determined in a nonadversarial manner, applying the standard of proof necessary for an arrest warrant.
(4) At the hearing, all interested persons present shall have an opportunity to be heard and present evidence on the criteria for placement provided by law.
(5) The court may base its determination on a sworn complaint, testimony, or an affidavit and may hear all relevant and material evidence, including oral and written reports, to the extent of its probative value even though it would not be competent at an adjudicatory hearing.
(6) The court shall advise the parent or legal custodian of:
(A) the right to be represented by counsel as provided by law;
(B) the reason the child is in custody and why continued placement is requested;
(C) the right to present placement alternatives; and
(D) the time, date, and location of the next hearing and of the importance of the parents' or legal custodians' active participation in subsequent proceedings and hearings.
(7) The court shall appoint:
(A) a guardian ad litem to represent the child unless the court finds representation unnecessary;
(B) an attorney ad litem to represent the child if the court finds the appointment necessary and authorized by law; and
(C) an attorney for indigent parents unless waived by the parent.
(8) The court shall determine visitation rights absent a clear and convincing showing that visitation is not in the best interest of the child.
(9) The court shall inquire of the parents whether the parents have relatives *808 who might be considered for placement of the child. The parents shall provide to the court and all parties identification and location information regarding the relatives. The court shall advise the parents that the parents have a continuing duty to inform the department of any relative who should be considered for placement of the child.
(10) The court shall advise the parents that if the parents fail to substantially comply with the case plan their parental rights may be terminated and the child's out-of-home placement may become permanent.
(911) If the shelter hearing is conducted by a judge other than a judge assigned to hear dependency cases, a judge assigned to hear dependency cases shall hold a shelter review on the status of the child within 2 working days after the shelter hearing.
(c) Shelter Order. An order granting shelter care must identify the parties present at the hearing and contain written findings that:
(1) placement in shelter care is necessary based on the criteria provided by law;
(2) placement in shelter care is in the best interest of the child;
(3) continuation of the child in the home is contrary to the welfare of the child because the home situation presents a substantial and immediate danger to the child's physical, mental, or emotional health or safety that cannot be mitigated by the provision of preventive services;
(4) there is probable cause to believe the child is dependent;
(5) the department has made reasonable efforts to prevent or eliminate the need for removal of the child from the home, including a description of which specific services, if available, could prevent or eliminate the need for removal or continued removal from the home, the date by which the services are expected to become available, and, if services are not available to prevent or eliminate the need for removal or continued removal of the child from the home, an explanation of why the services are not available for the child;
(6) the court notified the parents or legal custodians of the time, date, and location of the next dependency hearing, and of the importance of their active participation in all subsequent proceedings and hearings; and
(7) the court notified the parents or legal custodians of their right to counsel as provided by law.
(d) [No Change]
RULE 8.330. ADJUDICATORY HEARINGS
(a)  (f) [No Change]
(g) Findings and Orders. In all cases in which dependency is established,:
(1) tThe court shall enter a written order stating the legal basis for a finding of dependency, specifying the facts upon which the finding of dependency is based, and stating whether the court made the finding by a preponderance of the evidence or by clear and convincing evidence.
(2) The court shall advise the parents that if the parents fail to substantially comply with the case plan, their parental rights may be terminated.
(3) If the child is in out-of-home placement, the court shall inquire of the parents whether the parents have relatives who might be considered as placement for the child. The parents shall provide to the court and all parties identification and location information for the relatives.

*809 Committee Notes

[No Change]
RULE 8.400. CASE PLANS DEVELOPMENT
(a) Case Planning Conference. The case plan must be developed in a face-to-face conference with the parents, the guardian ad litem, attorney ad litem and, if appropriate, the child and the temporary custodian of the child.
(b) Contents. The case plan must be written simply and clearly in English and the principal language of the parents, if possible. Each case plan must contain
(1) a description of the problem being addressed, including the parent's behavior or acts resulting in risk to the child and the reason for the intervention by the department;
(2) a permanency goal;
(3) if it is a concurrent plan, a description of the permanency goal of reunification with the parent or legal custodian and one of the remaining permanency goals;
(4) the date the compliance period expires; and
(5) a written notice to the parent that failure of the parent to substantially comply with the case plan may result in the termination of parental rights, and that a material breach of the case plan may result in the filing of a petition for termination of parental rights sooner than the expiration of the compliance period.
(c) Expiration of Case Plan. The case plan compliance period expires no later than 12 months after the date the child was initially removed from the home or the date the case plan was accepted by the court, whichever occurs first.
(ad) Department Responsibility. At least 72 hours before the disposition hearing, but no later than 60 days after removal of a child from the home, the department or its agent must file with the court all case plans prepared before jurisdiction of the court attached and do one of the following:
(1) File with the court a current case plan that was prepared in conference with the parents, any court appointed guardian ad litem, the attorney ad litem, and, if appropriate, the child, and signed by the parties involved.
(2) File with the court a case plan prepared without the participation of the parents, if the parents are unable or unwilling to participate in the preparation of a case plan. The plan or supporting documents shall contain a full explanation of the circumstances preventing the parents from participating and the efforts made by the department to secure parental participation.
(3) Submit a motion requesting an extension of the time for filing the case plan for a period of not more than 30 days. However, this shall not preclude a party or any other agency or person participating in the preparation of the case plan from filing the motion.
(A) A copy of the motion and notice of hearing shall be served on the parties and participants involved in the preparation of the case plan.
(B) The court shall hear all parties present, in person, by counsel, or both. The department at all times, however, shall be represented by an attorney. Only one 30-day extension may be granted on a showing of good cause. In the order granting the continuance, the court shall set a hearing for review and acceptance of the case plan.
(1) The department shall prepare a draft of a case plan for each child receiving services under F.S. Chapter 39.
(2) The department shall document, in writing, a parent's unwillingness or inability *810 to participate in the development of the case plan, provide the written documentation to the parent when available for the court record, and prepare a case plan.
(3) After the case plan has been developed, and before acceptance by the court, the department shall make the appropriate referrals for services that will allow the parents to begin the agreed-upon tasks and services immediately if the parents agree to begin compliance.
(4) The department must immediately give the parties, including the child if appropriate, a signed copy of the agreed-upon case plan.
(5) The department must prepare, but need not submit to the court, a case plan for a child who will be in care no longer than 30 days unless that child is placed in out of home care a second time within a 12-month period.
(6) The department must prepare a case plan for a child in out of home care within 60 days after the department removes the child from the home and shall submit the plan to the court before the disposition hearing for the court to review and approve.
(7) Not less than 3 business days before the disposition hearing, the department must file a case plan with the court.
(8) After jurisdiction attaches, the department shall file with the court all case plans, including all case plans prepared before jurisdiction of the court attached. The department shall provide a copy of the case plans filed to all the parties whose whereabouts are known, not less than 3 business days before the disposition hearing.
(b) Amendments.
(1) The case plan may be amended by:
(A) the parties at any time provided agreement is unanimous, and the amendment is approved by the court;
(B) the court on motion of a party after notice to all other parties; or
(C) the court.
(2) If any party objects to the amendment of the case plan, the court must conduct a hearing allowing each party to present evidence and information as permitted in rule 8.340(a).
(3) Any amendment granted by the court must be based on competent evidence.
(e) Signature. The case plan must be signed by all parties except the child, if the child is not of an age or capacity to participate in the case planning process.
(cf) Service. Each party, including the child, if appropriate, must be provided with a copy of the case plan at least 72 hoursnot less than 3 business days before the disposition hearing. If the location of a parent is unknown, this fact must be documented in writing and included in the plan.
RULE 8.410. APPROVAL OF CASE PLANS
(a) [No Change]
(b) Determinations by Court. At the hearing, the court shall determine if:
(1) The plan is consistent with the previous orders of the court placing the child in care.
(2) The plan is consistent with the requirements for the content of a case plan as provided by law.
(3) The parents were advised of their right to have counsel present at all prior hearings and the parents were advised of their right to participate in the preparation of the case plan and to have counsel or any *811 other person assist in the preparation of the case plan.
(4) The case plan is meaningful and designed to address the facts, circumstances, and problems on which the court based its order of dependency for the child. In case plans with a goal of reunification, the court shall also determine whether the parents have the ability to perform the tasks assigned to them and that the social service agency can provide the assistance necessary to the parents to reunite the family.
(5) The plan adequately addresses the goals and needs of the child.
(c) Amendment of Initial Case Plan. During the hearing, if the court determines that the case plan does not meet statutory requirements and include previous court orders, it shall order the parties to make amendments to the plan. The amended plan must be submitted to the court within 30 days for another hearing and approval. A copy of the amended plan must be provided to each party, if the location of the party is known, at least 3 business days before filing with the court. If the parties do not agree on the final terms, the court shall order those conditions and tasks it believes must be accomplished to obtain permanency for the child. In addition, the court may order the department to provide those services necessary to assist in achieving the goal of the case plan.
(d)  (e) [No Change]
RULE 8.415. JUDICIAL REVIEW OF DEPENDENCY CASES
(a)  (e) [No Change]
(f) Court Action.
(1) The court shall hold a hearing to review the compliance of the parties with the case plan and to determine what assigned tasks were and were not accomplished and the reasons for any nonachievement.
(2) If the court finds that the parents have substantially complied with the case plan, the court shall return the child to the custody of the parents if the court is satisfied that reunification will not be detrimental to the child's safety, well-being, or physical, mental, or emotional health.
(3) If the court finds that the social service agency has not complied with its obligations, the court may find the social service agency to be in contempt, shall order the social service agency to submit its plan for compliance with the case plan, and shall require the social service agency to show why the child could not be safely returned to the home of the parents. If the court finds that the child could not be safely returned to the parents, it shall extend the case plan for a period of not more than 6 months to allow the social service agency to comply with its obligations under the case plan.
(4) At any judicial review held under section 39.701(6), Florida Statutes, if, in the opinion of the court, the department has not complied with its obligations as specified in the written case plan or in the provision of independent living services as required by sections 39.701(6) and 409.1451, Florida Statutes, the court shall issue a show cause order. If cause is shown for failure to comply, the court shall give the department 30 days within which to comply and, on failure to comply with this or any subsequent order, the court may hold the department in contempt.
(5) If, at any judicial review hearing, regardless of the expiration date of the case plan, the court finds that the parents have not substantially complied with the case plan to the degree that further reunification efforts are without merit, the court may order the social service agency to initiate a termination of parental rights *812 proceeding. If the court finds that an order initiating a termination of parental rights proceeding would not be in the child's best interests; that the parents in good faith attempted to comply with the terms of the plan but need more time to accomplish their assigned tasks and believes the parents will accomplish them; or, by clear and convincing proof, that the situation of the child is so extraordinary that the case plan should be extended, the court may extend the time limitation for the plan or modify the terms of the plan. No plan shall be extended for a period longer than 6 months. At the expiration of the extended plan, the court shall again review the child's status.
(65) When a child is returned to the parents, the court shall not terminate its jurisdiction over the child until 6 months after the return. Based on a report of the department and any other relevant factors, the court shall then determine whether jurisdiction should be continued or terminated. If its jurisdiction is to be terminated, it shall enter an order to that effect.
(76) When a child has not been returned to the parent, but has been permanently committed to the department for subsequent adoption, the court shall continue to hold judicial review hearings on the status of the child at least every 6 months until the adoption is finalized. These hearings shall be held in accordance with these rules.
(87) If a youth in the legal custody of the department immediately before his or her 18th birthday petitions the court at any time before his or her 19th birthday requesting the court's continued jurisdiction, the court may retain or reinstate jurisdiction for a period of time not to continue beyond the date of the youth's 19th birthday. This continued jurisdiction is for the purpose of determining whether appropriate aftercare support, Road-to-Independence Scholarship, transitional support, mental health, and developmental disability services have been provided to the youth.
(98) If a petition for special immigrant juvenile status and an application for adjustment of status have been filed on behalf of a foster child and the petition and application have not been granted by the time the child reaches 18 years of age, the court may retain jurisdiction solely for the purpose of allowing the continued consideration of the petition and application by federal authorities. Review hearings shall be set solely for the purpose of determining the status of the petition and application. The court's jurisdiction shall terminate on the final decision of the federal authorities, or on the immigrant child's 22nd birthday, whichever occurs first.
(109) The court shall enter a written order on the conclusion of the review hearing including a statement of the facts, those findings it was directed to determine by law, a determination of the future course of the proceedings, and the date, time, and place of the next hearing.
(g) [No Change]
(h) Concurrent Planning.
(1) At the initial judicial review hearing, the court shall make findings regarding the likelihood of the child's reunification with the parent or legal custodian within 12 months after the removal of the child from the home.
(2) If the court makes a written finding that it is not likely that the child will be reunified with the parent or legal custodian within 12 months after the child was removed from the home, the department must file a motion to amend the case plan and declare that it will use concurrent planning for the case plan.
(3) The department must file the motion to amend the case plan no later than *813 10 business days after receiving the written finding of the court and attach the proposed amended case plan to the motion.
(4) If concurrent planning is already being used, the case plan must document the efforts the department is making to complete the concurrent goal.

Committee Notes

[No Change]
RULE 8.420. CASE PLAN AMENDMENTS
(a) Modifications. After the case plan has been developed, the tasks and services agreed upon in the plan may not be changed or altered except as follows.
(1) The case plan may be amended at any time to change the goal of the plan, employ the use of concurrent planning, add or remove tasks the parent must complete to substantially comply with the plan, provide appropriate services for the child, and update the child's health, mental health, and education records.
(2) The case plan may be amended on approval of the court if all parties are in agreement regarding the amendments to the plan and the amended plan is signed by all parties and submitted to the court with a memorandum of explanation.
(3) The case plan may be amended by the court or on motion of any party at any hearing to change the goal of the plan, employ the use of concurrent planning, or add or remove the tasks the parent must complete in order to substantially comply with the plan, if there is a preponderance of evidence demonstrating the need for the amendment.
(4) The case plan may be amended by the court or on motion of any party at any hearing to provide appropriate services to the child if there is competent evidence demonstrating the need for the amendment.
(5) The case plan is deemed amended as to the child's health, mental health, and education records when the child's updated health and education records are filed by the department.
(b) Basis to Amend the Case Plan. The need to amend the case plan may be based on information discovered or circumstances arising after the approval of the case plan for:
(1) a previously unaddressed condition that, without services, may prevent the child from safely returning to or remaining in the home;
(2) the child's need for permanency;
(3) the failure of a party to substantially comply with a task in the original case plan, including the ineffectiveness of a previously offered service;
(4) an error or oversight in the case plan; or
(5) information discovered or circumstances arising after the approval of the plan regarding the provision of safe and proper care for the child.
(c) Service. A copy of the amended plan must be immediately given to all parties.
RULE 8.425. PERMANENCY HEARINGS
(a) Required Review. A permanency hearing must be held no later than 12 months after the date the child was removed from the home or no later than 30 days after a court determines that reasonable efforts to return a child to either parent are not required, whichever occurs first. A permanency hearing must be held at least every 12 months for any child who continues to receive supervision from the department or awaits adoption.
(b) Determinations at Hearing.
(1) The court shall determine
*814 (A) whether the current permanency goal for the child is appropriate or should be changed;
(B) when the child will achieve one of the permanency goals; and
(C) whether the department has made reasonable efforts to finalize the permanency plan currently in effect.
(2) The court shall approve a permanency goal for the child as provided by law choosing from the following options, listed in order of preference:
(A) reunification;
(B) adoption, if a petition for termination of parental rights has been or will be filed;
(C) permanent guardianship of a dependent child under section 39.6221, Florida Statutes;
(D) permanent placement with a fit and willing relative under section 39.6231, Florida Statutes; or
(E) placement in another planned permanent living arrangement under section 39.6241, Florida Statutes.
(3) The best interest of the child is the primary consideration in determining the permanency goal. The court must also consider the reasonable preference of the child if the court has found the child to be of sufficient intelligence, understanding, and experience to express a preference and any recommendation of the guardian ad litem.
(c) Case Plan. The case plan must list the tasks necessary to finalize the permanency placement and shall be amended at the permanency hearing if necessary. If a concurrent case plan is in place, the court shall approve a single goal that is in the child's best interest.
(d) Permanency Order.
(1) The findings of the court regarding reasonable efforts to finalize the permanency plan must be explicitly documented, made on a case-by-case basis, and stated in the court order.
(2) The court shall enter an order approving the permanency goal for the child.
(3) If the court approves a permanency goal of permanent guardianship of a dependent child, placement with a fit and willing relative, or another planned permanent living arrangement, the court shall make findings as to why this permanent placement is established without adoption of the child to follow. The department and the guardian ad litem must provide the court with a recommended list and description of services needed by the child, such as independent living services and medical, dental, educational, or psychological referrals, and a recommended list and description of services needed by his or her caregiver.
(4) If the court establishes a permanent guardianship for the child, the court's written order shall
(A) transfer parental rights with respect to the child relating to protection, education, care and control of the person, custody of the person, and decision-making on behalf of the child to the permanent guardian;
(B) list the circumstances or reasons why the child's parents are not fit to care for the child and why reunification is not possible by referring to specific findings of fact made in its order adjudicating the child dependent or by making separate findings of fact;
(C) state the reasons why a permanent guardianship is being established instead of adoption;
(D) specify the frequency and nature of visitation or contact between the child and his or her parents, siblings, and grandparents; and
*815 (E) require that the permanent guardian not return the child to the physical care and custody of the person from whom the child was removed without the approval of the court.
(5) The court shall retain jurisdiction over the case and the child shall remain in the custody of the permanent guardian unless the order creating the permanent guardianship is modified by the court. The court shall discontinue regular review hearings and relieve the department of the responsibility for supervising the placement of the child. Notwithstanding the retention of jurisdiction, the placement shall be considered permanency for the child.
(6) If the court permanently places a child with a fit and willing relative, the court's written order shall
(A) list the circumstances or reasons why reunification is not possible by referring to specific findings of fact made in its order adjudicating the child dependent or by making separate findings of fact;
(B) state the reasons why permanent placement with a fit and willing relative is being established instead of adoption;
(C) specify the frequency and nature of visitation or contact between the child and his or her parents, siblings, and grandparents; and
(D) require that the relative not return the child to the physical care and custody of the person from whom the child was removed without the approval of the court.
(7) If the court establishes another planned permanent living arrangement as the child's permanency option:
(A) The court must find that a more permanent placement, such as adoption, permanent guardianship, or placement with a fit and willing relative, is not in the best interests of the child.
(B) The department shall document reasons why the placement will endure and how the proposed arrangement will be more stable and secure than ordinary foster care.
(C) The court must find that the health, safety, and well-being of the child will not be jeopardized by such an arrangement.
(D) The court must find that compelling reasons exist to show that placement in another planned permanent living arrangement is the most appropriate permanency goal.
(e) Entry of Separate Order Establishing Permanency. If the court permanently places a child in a permanent guardianship or with a fit and willing relative, the court shall enter a separate order establishing the authority of the permanent guardian or relative to care for the child, reciting that individual's powers and authority with respect to the child and providing any other information the court deems proper which can be provided to persons who are not parties to the proceeding as necessary, notwithstanding the confidentiality provisions of Chapter 39, Florida Statutes.
(f) Recommendations for Sustaining Permanency. If the court approves a goal of placement with a fit and willing relative or another planned permanent living arrangement, the department and the guardian ad litem must provide the court with a recommended list and description of services needed by the child, and a recommended list and description of services needed by his or her caregiver.
RULE 8.430. MODIFICATION OF PERMANENCY ORDER
(a) Best Interests of Child. The permanency placement is intended to continue until the child reaches the age of majority and may not be disturbed absent a finding *816 by the court that the circumstances of the permanency placement are no longer in the best interest of the child.
(b) Request for Modification by a Parent.
(1) If a parent who has not had his or her parental rights terminated makes a motion for reunification or increased contact with the child, the court shall first hold a hearing to determine whether the dependency case should be reopened and whether there should be a modification of the order. At the hearing, the parent must demonstrate that the safety, well-being, and physical, mental, and emotional health of the child is not endangered by the modification.
(2) The court shall base its decision concerning any motion by a parent for reunification or increased contact with a child on the effect of the decision on the safety, well-being, and physical and emotional health of the child. Factors that must be considered and addressed in the findings of fact of the order on the motion must include
(A) the compliance or noncompliance of the parent with the case plan;
(B) the circumstances which caused the child's dependency and whether those circumstances have been resolved;
(C) the stability and length of the child's placement;
(D) the preference of the child, if the child is of sufficient age and understanding to express a preference;
(E) the recommendation of the current custodian; and
(F) the recommendation of the guardian ad litem, if one has been appointed.
FORM 8.929. DETENTION ORDER

DETENTION HEARING ORDER
Pick up order for absconding from:
..... home detention
..... probation
..... commitment
..... other: ..........
Present before the court:
..... the child;
..... ..... (name)....., Assistant State Attorney;
..... .....(name)....., Assistant Public Defender/defense attorney;
..... .....(name)....., parent/legal guardian;
..... .....(name)....., DJJ juvenile probation officer;
..... .....(name)....., Department of Children and Family Services
..... .....(name)....., guardian ad litem
DJJ Supervision status:
..... None
..... Home detention
..... Probation
..... Committed to ..... level
..... CINS/FINS
..... Conditional release
Other court involvement:

Dependency: .... Yes .... No .... Unknown
Domestic relations: .... Yes .... No .... Unknown
Domestic violence: .... Yes .... No .... Unknown

The court finds that the child was taken into custody at ..... a.m./p.m., on .....(date).....
Probable cause that the child committed delinquent acts was:
..... found.
..... not found.
..... reset within 48 hours of custody.
Risk assessment instrument (RAI) score: .......... Score amended to: ..........
..... Meets detention criteria.
*817 IT IS ORDERED that the above-named child be:
..... released to the custody of
.....(name).....
..... held in secure detention for domestic violence charge under section 985.213(2)(b)3985.245, Florida Statutes. The court finds:
..... respite care is not available for the child; and
..... it is necessary to place the child in secure detention to protect the victim from injury.
..... detained by the Department of Juvenile Justice in
..... home detention.
..... home detention with electronic monitoring.
..... secure detention.
with the following special conditions:
..... attend school regularly.
..... attend evaluation as follows:
..... physical.
..... psychological.
..... ADM.
..... other ......................
..... no (..... harmful) contact with
.....(name).....
..... drug testing.
..... no drug and alcohol use.
..... other: .....................
..... released from detention and returned to the child's nonresidential commitment program.
Reasons for court ordering more restrictive placement than RAI score:
.................
It is FURTHER ORDERED that unless an adjudicatory hearing has begun or a subsequent modification order is entered, the child shall be released no later than 5:00 p.m. on .....(date)..... to .....(name(s))....., who is/are
..... the parent(s)
..... a relative
..... foster care
..... .......... program
..... ..... him/her..... self
..... other ................
IT IS FURTHER ORDERED under section 985.2311985.039, Florida Statutes
..... The parent/guardian of the child, .....(name)....., shall pay to the Department of Juvenile Justice, 2737 Centerview Drive, Tallahassee, FL XXXXX-XXXX, $5 per day for each day the juvenile is in secure detention.
..... The parent/guardian of the child, .....(name)....., shall pay to the Department of Juvenile Justice, 2737 Centerview Drive, Tallahassee, FL XXXXX-XXXX, $1 per day for each day the child is in home detention.
..... The parent/guardian of the child, .....(name)....., shall pay to the Department of Juvenile Justice, 2737 Centerview Drive, Tallahassee, FL XXXXX-XXXX, a REDUCED rate of $ ..... per day for each day the child is in detention status. This reduced fee is based on the court's finding
..... that the parent/guardian was the victim of the delinquent act or violation of law for which the child is currently detained and is cooperating in the investigation of the offense; or
..... of indigency or significant financial hardship. The facts supporting this finding are:
................
..... The parent/guardian of the child, .....(name)....., .....(address)....., shall be liable for .....% of the payment. The parent/guardian of the child, .....(name)....., .....(address) ....., shall be liable for .....% of the payment.
*818 ..... The .....supervision fee/cost of care..... is WAIVED based on the court's finding
..... that the parent/guardian was the victim of the delinquent act or violation of law for which the child is currently detained and is cooperating in the investigation of the offense; or
..... of indigency or significant financial hardship. The facts supporting this finding are:
..................
If the child's case is dismissed or if the child is found not guilty of the charges or court order, then the parent/guardian shall not be liable for fees under this order.
Unless modified by subsequent notice, the NEXT COURT APPEARANCE:
..... will be at .....(time)..... on .....(date)..... at .....(location). ......
..... is to be set.
Note: The child's parent/legal guardian shall advise Clerk's Office and DJJ of any address change.
..... Department of Juvenile Justice shall transfer the child to .......... Detention Center.
..... Other: ..........
DONE AND ORDERED in .......... County, Florida at .......... a.m./p.m. on ..... (date).....
 _______________
 Circuit Judge
Copies to: ..........
FORM 8.947. DISPOSITION ORDER  DELINQUENCY

DISPOSITION ORDER
A petition was filed on .....(date)....., alleging .....(name) ....., ..... age, to be a delinquent child. The court finds that it has jurisdiction of the proceedings.
Present before the court were:
..... the child;
..... .....(name)....., Assistant State Attorney;
..... .....(name)....., Assistant Public Defender/defense attorney;
..... .....(name)....., guardian;
..... .....(name)....., DJJ juvenile probation officer.
At the hearing on .....(date)....., after .....entry of a plea/an adjudicatory hearing....., the child was found to have committed the delinquent acts listed below:

 Count Count Count Count
Charge ..... ..... ..... .....
Lesser ..... ..... ..... .....
Maximum ..... ..... ..... .....
Degree ..... ..... ..... .....
Guilty ..... ..... ..... .....
Nolo contendere ..... ..... ..... .....
Nolle prosse ..... ..... ..... .....
Adjudicated ..... ..... ..... .....
Adj. withheld ..... ..... ..... .....

The predisposition report was .....received and considered/waived by the child.....
The court, having considered the evidence and comments offered by those present, having inquired, and being otherwise fully advised in the premises ORDERS THAT:
..... Adjudication of delinquency is withheld.
..... The child is adjudicated delinquent and
..... committed to .....a licensed child-caring agency/the Department of Juvenile Justice..... for placement in ..... risk commitment program, for an indeterminate period, but no longer than the child's .....19th/21st..... birthday or the maximum term of imprisonment an adult may serve for each count listed above, except that a juvenile will not serve longer than six months in a non-residential commitment program for a second degree misdemeanor, whichever *819 comes first. The child is allowed ..... days credit for time spent in secure detention or incarceration before this date. The child shall be placed in .....home detention care .....with/without..... electronic monitoring/secure detention..... until placement.
..... placed in the serious or habitual juvenile offender program because the child meets the criteria in section 985.31, Florida Statutes. The placement shall be for an indeterminate period but no longer than the maximum sentence allowed by law or the child's 21st birthday, whichever comes first. The child is allowed ..... days credit for time spent in secure detention or incarceration before this date. The child shall be placed on .....home detention .....with/without. . . . . electronic monitoring/secure detention..... until placement.
..... placed in a maximum risk program because the child meets the criteria in section 985.313985.465, Florida Statutes. The placement is for an indeterminate period of time but no longer than the maximum sentence allowed by law or the child's 21st birthday, whichever comes first. The child is allowed ..... days credit for time spent in secure detention or incarceration before this date. The child shall be placed on .....home detention .....with/without ..... electronic monitoring/secure detention..... until placement.
..... The court has orally pronounced its reasons for adjudicating and committing this child.
..... The court retains jurisdiction to accept or reject the discharge of this child from commitment, as provided by law.
..... The child is placed on post-commitment juvenile probation.
..... JUVENILE PROBATION: The child is .....placed on/continued in..... juvenile probation under supervision of ..... the Department of Juvenile Justice/ .....(name)..... for an indefinite period not to exceed the child's 19th birthday or the maximum term of imprisonment an adult could receive for each count listed above, whichever comes first.
..... DISMISS: The case is dismissed.
..... Disposition on each count is .....concurrent/consecutive.....
..... This case disposition is .....concurrent/consecutive. . . . . with case number ............
GENERAL CONDITIONS OF JUVENILE PROBATION. The child shall abide by all of the following conditions:
1. The child shall obey all laws.
2. The child shall be employed full-time or attend school with no unexcused absences, suspensions, or disciplinary referrals.
3. The child shall not change or leave .....his/her..... residence, school, or place of employment without the consent of .....his/her ..... parents and juvenile probation officer.
4. The child shall answer truthfully all questions of .....his/her..... juvenile probation officer and carry out all instructions of the court and juvenile probation officer.
5. The child shall keep in contact with the juvenile probation officer in the manner prescribed by the juvenile probation officer.
6. The child shall not use or possess alcoholic beverages or controlled substances.
SPECIAL CONDITIONS OF JUVENILE PROBATION. The child shall abide by all of the conditions marked below:
*820 ..... Restitution is ordered. Parent and child are responsible, ..... jointly and severally.
..... Amount is reserved.
..... $......... to be paid to .....(name)..... Payments shall begin .....(date)..... and continue at the rate of $.......... each month.
..... The court retains jurisdiction under Chapter 985, Florida Statutes, to enforce its restitution order, regardless of the age of the child.
..... Community Service ..... hours are to be performed by the child at the rate of ..... hours per month. Written proof is to be provided to the juvenile probation officer.
..... A letter of apology to be written by the child to .....(name)..... within ..... days. The letter must be a minimum of ..... words.
..... A ..... word essay to be written by the child on .....(subject). . . . and provided to the juvenile probation officer within 30 days.
..... The child may have no .......... contact with victim(s), .....(name(s)).....
..... A .....mental health/substance abuse..... evaluation to be completed by the child within ..... days. The child will attend and participate in every scheduled appointment and successfully attend and complete any and all recommended evaluations and treatment.
..... The parent(s) .....is/are..... to complete counseling in ..........
..... A curfew is set for the child at .......... p.m. Sunday through Thursday and .......... p.m. Friday and Saturday.
..... The child's driver's license is .....suspended/revoked/withheld..... for .....(time period).....
..... The child is to complete a .....detention/jail/prison ..... tour within ..... days.
..... The child will be subject to random urinalysis.
..... The child will be electronically monitored.
..... The child will successfully complete all sanctions of the original juvenile probation order.
..... Other: ................
..... The child must pay court costs of $ .....
GUN CHARGES
..... The court finds that one of the above charges involves the use or possession of a firearm and further ORDERS the following:
..... The child's driver's license is .....suspended/revoked..... for ..... 1/2 ..... years.
..... The child is to serve .....5/10..... days in the Juvenile Detention Center.
THE COURT FURTHER FINDS AND ORDERS:
..... The child has violated Chapter 794, Florida Statutes (sexual battery) and is ordered to make restitution to the Crimes Compensation Trust Fund under section 960.28(5), Florida Statutes, for the cost of the forensic physical examination.
..... The child .....has been adjudicated delinquent/has entered a plea of no contest/has entered a plea of guilty ..... to an offense under Chapter 794 or 800, sections 782.04, 784.045, 810.02, 812.133, 812.135, Florida Statutes, or any other offense specified in section 943.325, Florida Statutes, and the child is required to submit blood specimens under section 943.325, Florida Statutes.
..... Under section 985.231(1)(b)985.039, Florida Statutes:
*821 ..... the parent/legal guardian, .....(name)....., shall pay to the Department of Juvenile Justice, 2737 Centerview Drive, Tallahassee, FL XXXXX-XXXX, $5 per day for each day the child is in residential commitment.
..... the parent/legal guardian, .....(name)....., shall pay to the Department of Juvenile Justice, 2737 Centerview Drive, Tallahassee, FL XXXXX-XXXX, $1 per day for each day the child is on probation, nonresidential commitment, or conditional release.
..... the parent/legal guardian, ..... (name)....., shall pay to the Department of Juvenile Justice, 2737 Centerview Drive, Tallahassee, FL XXXXX-XXXX, a REDUCED fee of $..... per day for each day the child is in the custody of or supervised by the department. This reduced fee is based on the court's finding:
..... that the parent/legal guardian was the victim of the delinquent act or violation of law for which the child is currently before the court and is cooperating in the investigation of the offense.
..... of indigency or significant financial hardship. The facts supporting this finding are:
...............
..... The cost of care/supervision fee is WAIVED based on the court's finding:
..... that the parent/legal guardian was the victim of the delinquent act or violation of law for which the child is currently before the court and is cooperating in the investigation of the offense.
..... of indigency or significant financial hardship. The facts supporting this finding are:
..............
..... The parent/guardian, .....(name)....., ..... (address)....., shall be liable for .....% of the payment.
The parent/guardian, ..... (name) ..... (address)....., shall be liable for .....% of the payment.
The child is placed on notice that the court may modify the conditions of .....his/her..... juvenile probation at any time and may revoke the juvenile probation if there is a violation of the conditions imposed.
The parties are advised that an appeal is allowed within 30 days of the date of this order.
DONE AND ORDERED in ..... (city)....., .......... County, Florida on ..... (date)....., at ..... a.m./p.m.
 _______________________
 Circuit Judge
Copies to: .............
FORM 8.950. RESTITUTION ORDER

JUDGMENT AND RESTITUTION ORDER
THIS CAUSE was heard on .....(date)....., on the state's motion for an order requiring the child, born .....(date)....., or .....his/her..... parent(s), to pay restitution costs for the benefit of the victim pursuant to sections 985.201(4)(c)985.0301(5)(i), 985.231(1)(a)6, 985.231(1)(a)9985.437, and 775.089, Florida Statutes.
Name of victim: ............
Attorney or Advocate: ...........
Address: ..........
The court being fully advised in the premises, it is ORDERED AND ADJUDGED:
The state's motion is granted and the .....child/child's parent(s), .....(name(s))....., shall pay restitution *822 for the benefit of the victim named above as follows:
..... $..... for medical and related services and devices relating to physical, psychiatric, and psychological care, including nonmedical care rendered in accordance with a recognized method of healing.
..... $..... for necessary physical and occupational therapy and rehabilitation.
..... $..... to reimburse the victim for income lost as a result of the offense.
..... $..... for necessary funeral and related services, if the offense caused bodily injury resulting in the death of the victim.
..... $..... for damages resulting from the offense.
..... $..... for ..........................
The total amount of restitution due is $.....
Payment shall be made to the clerk of the circuit court.
Payment schedule:
..... Installment payments of $..... payable on a .....weekly/monthly. . . . . basis.
..... Payment is due in full.
..... The court finds that the .....child/child's parent(s) ..... .....is/are..... unable to pay and orders the child to perform ..... hours of community service in lieu of .....partial/total..... restitution.
The court retains jurisdiction over this child beyond .....his/her..... nineteenth birthday in order to enforce the provisions of this order and retains jurisdiction to modify the restitution in this case.
Other, specified conditions:
................
IT IS FURTHER ORDERED AND ADJUDGED that the clerk of the court shall provide the victim named above a certified copy of this order for the victim to record this judgment as a lien, pursuant to section 55.10, Florida Statutes.
IT IS FURTHER ORDERED AND ADJUDGED that this judgment may be enforced by the state or the victim in order to receive restitution in the same manner as a judgment in a civil action. Execution shall issue for all payments required under this order.
DONE AND ORDERED AT .....(city)....., .....(county)....., Florida, on .....(date).....
 _____________________
 Circuit Judge
Copies to:
 State Attorney
 Counsel for Child
 Victim
 Department of Juvenile Justice
 Parent(s)
FORM 8.951. MOTION FOR JUVENILE SEXUAL OFFENDER PLACEMENT

MOTION FOR JUVENILE SEXUAL OFFENDER PLACEMENT
Comes now the .....State of Florida, by and through the undersigned assistant state attorney/Department of Juvenile Justice, by and through its undersigned counsel....., and moves the court for Juvenile Sexual Offender placement. In support thereof, movant would show:
..... that the juvenile has been found by the court, under section 985.228985.35, Florida Statutes, to have committed a violation of chapter 794, chapter 796, chapter 800, section 827.071, or section 847.0133, Florida Statutes; or
..... that the juvenile has been found to have committed any violation of law or delinquent act involving juvenile sexual abuse as defined in section 985.03(33)985.475(1), Florida Statutes.
*823 Placement in a juvenile sexual offender program is required for the protection of the public and would best serve the needs of this juvenile.
WHEREFORE, as this child meets the juvenile sexual offender placement criteria, the .....state/department..... respectfully requests this court to enter an order placing the child as a juvenile sexual offender under section 985.308985.48, Florida Statutes.
Date: .............
 __________________________
 Assistant State Attorney/DJJ Attorney
 .....(address & phone no.).....
 Florida Bar No.: ..........
FORM 8.961. SHELTER ORDER

ORDER FOR PLACEMENT IN SHELTER
THIS CAUSE came on to be heard under chapter 39, Florida Statutes, on the sworn AFFIDAVIT AND PETITION FOR PLACEMENT IN SHELTER CARE filed by. .....(petitioner's name)....., on .....(date)..... The following persons appeared before the court:
..... Petitioner ...............
..... Petitioner's attorney
................
..... Mother ...............
..... Father(s) ..............
..... Legal custodian(s) ...............
..... Guardian ad litem ................
..... GAL attorney ................
..... Other: ...............
and the Court having reviewed its file and having been otherwise duly advised in the premises finds as follows:
1. The minor child(ren), .............., was/were found within the jurisdiction of this court and is/are of an age subject to the jurisdiction of this court.
2. PLACEMENT IN SHELTER.
..... The minor child(ren) was/were placed in shelter on .....(date)..... at ..... a.m./p.m. by.....(name)....., a duly authorized agent of the department.
..... The minor child(ren) need(s) to be placed in shelter at the request of the petitioner for the reasons stated in this order.
3. PARENTS/CUSTODIANS. The parents/custodians of the minor child(ren) are:
 Name Address
Mother: ................. ...................
Father of ....(child's name)....:
 ................ .....................
Other: ...(relationship and to which child)...:
 ................. ...................
4. INABILITY TO NOTIFY AND/OR LOCATE PARENTS/CUSTODIANS. The petitioner has made a good faith effort to notify and/or locate, but was unable to notify and/or locate .....(name(s)) ....., a parent or legal custodian of the minor child(ren).
5. NOTIFICATION. Each parent/legal custodian not listed in # 4 above was:
..... duly notified that the child(ren) was/were taken into custody;
..... duly notified to be present at this hearing;
..... served with a statement setting forth a summary of procedures involved in dependency cases;
..... advised of their right to counsel; and
..... was represented by counsel, .....(name).....
..... knowingly, voluntarily, and intelligently waived the right; or
..... the court declined to accept the waiver because ...............
*824 ..... requested appointment of counsel, but the court declined appointment because he/she did not qualify as indigent.
..... requested appointment of counsel and counsel was appointed.
6. PROBABLE CAUSE.
..... Based on the allegations in the Affidavit and Petition for Placement in Shelter, there is probable cause to believe that the child(ren) is/are dependent based on allegations of abuse, abandonment, or neglect or substantial risk of same.
..... A finding of probable cause cannot be made at this time and the court requires additional information to determine the risk to the child(ren). The following information must be provided to the court during the continuation of this hearing: .....(information to be provided)..... This hearing is continued for 72 hours, until .....(date and time)..... The children will remain in shelter care.
7. NEED FOR PLACEMENT. Placement of the child(ren) in shelter care is in the best interest of the child(ren). Continuation in the home is contrary to the welfare of the child(ren) because the home situation presents a substantial and immediate danger which cannot be mitigated by the provision of preventive services and placement is necessary to protect the child(ren) as shown by the following facts:
..... the child(ren) was/were abused, abandoned, or neglected, or is/are suffering from or in imminent danger of injury or illness as a result of abuse, abandonment, or neglect, specifically:
.............
..... the custodian has materially violated a condition of placement imposed by the court, specifically: ........ .........
..... the child(ren) has/have no parent, legal custodian, or responsible adult relative immediately known and available to provide supervision and care, specifically:
.................
8. REASONABLE EFFORTS.
..... Reasonable efforts to prevent or eliminate the need for removing the child(ren) from the home have been made by the department, which provided the following services to the family:
.................
..... The following specific services, if available, could prevent or eliminate the need for removal or continued removal of the child from the home
................
..... The date these services are expected to be available is .............
..... The department is deemed to have made reasonable efforts to prevent or eliminate the need for removal from the home because:
..... The first contact with the department occurred during an emergency.
..... The appraisal of the home situation by the department indicates a substantial and immediate danger to the child(ren) which cannot be mitigated by the provision of preventive services.
..... The child(ren) cannot safely remain at home because no services exist that can ensure the safety of the child(ren). Services are not available because .....................
..... Even with appropriate services, the child(ren)'s safety cannot be ensured.
9. RELATIVE PLACEMENT
The court asked any parents present whether the parents have relatives that might be considered as a placement for the child(ren).
*825 The court advised any parents present that the parents have a continuing duty to inform the department of any relative who should be considered for placement of the child.
It is, therefore, ORDERED AND ADJUDGED, as follows:
1. The child(ren) shall remain/be placed in the shelter custody of:
..... the department, with the department having the discretion to shelter the child(ren) with a relative or other responsible adult on completion of a positive homestudy, abuse registry, and criminal background checks.
..... Other: .....................
2. The child(ren) ..... may ..... may not be returned to the parent/custodian without further order of this court.
3. The Guardian Ad Litem Program is appointed.
4. The parents, within 28 days of the date of this order, shall provide to the department the information necessary to accurately calculate child support under section 61.30, Florida Statutes. The parents shall pay child support in accordance with Florida Statutes.
5. The legal custodian, or in the absence of the legal custodian, the department and its agents, are hereby authorized to provide consent for and to obtain ordinary and necessary medical and dental treatment and examination for the above child(ren) including blood testing deemed medically appropriate, and necessary preventive care, including ordinary immunizations and tuberculin testing.
6. Visitation with the child(ren) shall be as follows: ..................
7. The parents shall provide to the court and all parties identification and location information regarding potential relative placements.
8. IF THE PARENTS FAIL TO SUBSTANTIALLY COMPLY WITH THE CASE PLAN, THEIR PARENTAL RIGHTS MAY BE TERMINATED AND THE CHILD(REN)'S OUT-OF-HOME PLACEMENT MAY BECOME PERMANENT.
79. Special conditions: ...... ............
810. This court retains jurisdiction over this matter to enter any other and further orders as may be deemed to be in the best interest and welfare of this/these child(ren).
911. If a Petition for Dependency is subsequently filed in this cause, the Arraignment Hearing is scheduled for ..... (date)....., at ..... a.m./p.m. at ..... (location of arraignment)...... The parents have a right to be represented by an attorney at the arraignment hearing and during the dependency proceedings.
ORDERED in .......... County, Florida on .....(date)....., at ..... a.m./p.m.
 ______________________
 Circuit Judge
FORM 8.966. ADJUDICATION ORDER DEPENDENCY

ORDER OF ADJUDICATION
THIS CAUSE came before this court on .....(date)....., under chapter 39, Florida Statutes, for adjudication of the Petition for Dependency filed by .....(petitioner's name)..... Present before the court were
..... .....(Name)....., Petitioner
..... .....(Name)....., Attorney for the petitioner
..... .....(Name)....., Attorney for the department
*826 ..... .....(Name)....., Department caseworker
..... .....(Name)....., Mother
..... .....(Name)....., Attorney for mother
..... .....(Name)....., Father of .....(child).....
..... .....(Name)....., Attorney for father
..... .....(Name)....., Guardian ad litem
..... .....(Name)....., Attorney for guardian ad litem
..... .....(Name)....., Legal custodian
..... .....(Name)....., Attorney for legal custodian
..... .....(Name)....., Minor child(ren)
..... .....(Name)....., Attorney ad litem for minor child(ren)
..... .....(Name)....., Other .........
The court having heard testimony and argument and being otherwise fully advised in the premises finds:
1. That the minor child(ren) who is/are the subject matter of these proceedings, is/are dependent within the meaning and intent of chapter 39, Florida Statutes, and is/are (a) resident(s) of the State of Florida.
2. The mother, .....(name).....:
..... was ..... was not noticed of this hearing;
..... did not appear, and the court:
..... entered a Consent for failure to appear after proper notice.
..... did not enter a Consent for failure to appear after proper notice.
..... appeared with counsel;
..... appeared without counsel and:
..... was ..... was not advised of her right to legal counsel,
..... knowingly, intelligently, and voluntarily waived ..... did not waive her right to legal counsel and
..... was ..... was not determined to qualify as indigent and
..... was ..... was not appointed an attorney.
3. The father, .....(name).....:
..... was ..... was not noticed of this hearing;
..... did not appear, and the court:
..... entered a Consent for failure to appear after proper notice.
..... did not enter a Consent for failure to appear after proper notice.
..... appeared with counsel;
..... appeared without counsel and:
..... was ..... was not advised of his right to legal counsel,
..... knowingly, intelligently, and voluntarily ..... waived ..... did not waive his right to legal counsel and
..... was ..... was not determined to qualify as indigent and
..... was ..... was not appointed an attorney.
..... 4. That the child(ren) is/are dependent within the meaning and intent of chapter 39, Florida Statutes, in that the mother, .....(name)....., abused, neglected or abandoned the minor child(ren) by .................
These facts were proven by ..... preponderance of the evidence ..... clear and convincing evidence.
..... 5. That the child(ren) is/are dependent within the meaning and intent of chapter 39, Florida Statutes, in that the father, .....(name) ....., abused, neglected or abandoned the minor child(ren) by ..............
These facts were proven by ..... preponderance of the evidence ...... clear and convincing evidence.
*827 COMMENT: Use 6, 7, and 8 only if the child is in out-of-home placement.
6. That the Court finds that it is in the best interest of the child(ren) to remain in out-of-home care.
7. That every reasonable effort was made to eliminate the need for placement of the child(ren) in out-of-home care but the present circumstances of the child(ren) and the ..... mother ..... father are such that out-of-home care is the only way to ensure the health, safety, and well being of the child(ren), in that ..........
8. That the child(ren)'s placement in .....(type of placement)..... is in a setting which is as family like and as close to the home as possible, consistent with the child(ren)'s best interests and special needs.
9. That returning the minor child(ren) to the custody of ..... (person who had previous legal custody) ..... would be contrary to the best interest and welfare of the minor child(ren).
10. The Court inquired of any parents present whether they have relatives who might be considered for placement of the child(ren).
THEREFORE, based upon the foregoing findings, it is ORDERED AND ADJUDGED that:
1. The minor child(ren), .....(name(s))....., is/are adjudicated dependent.
2. The child(ren) shall remain in the care and custody of
..... the department in shelter care ..... other .....(name)..... pending disposition.
3. The parents shall provide to the Court and all parties identification and location information regarding potential relative placements.
4. THE COURT ADVISED THE PARENTS THAT IF THE PARENTS FAIL TO SUBSTANTIALLY COMPLY WITH THE CASE PLAN THEIR PARENTAL RIGHTS MAY BE TERMINATED AND THE CHILD(REN)'S OUT-OF-HOME PLACEMENT MAY BECOME PERMANENT.
35. This court shall retain jurisdiction over this cause to enter any such further orders that may be deemed necessary for the best interest and welfare of the minor child(ren).
46. All prior orders not inconsistent with the present order shall remain in full force and effect.
57. Disposition is scheduled for .....(date)....., at ..... a.m./p.m.
DONE AND ORDERED on ..... date..... at ..... (city)....., Florida.
 _______________
 Circuit Judge

NOTICE OF HEARING
The Juvenile Court hereby gives notice of hearing in the above styled cause on ..... (date) ..... at ..... a.m./p.m., before .....(judge)....., at ..... (location) ....., or as soon thereafter as counsel can be heard.
In accordance with the Americans With Disabilities Act, persons needing a special accommodation to participate in this proceeding should contact the Office of the Court Administrator no later than 7 days before the proceeding at .....(telephone number).....
PLEASE BE GOVERNED ACCORDINGLY.
Copies furnished to:
*828 FORM 8.970. ORDER ON JUDICIAL REVIEW

ORDER ON JUDICIAL REVIEW AND NOTICE OF NEXT HEARING
THIS CAUSE came on to be heard on .....(date)..... for Judicial Review on the report filed by ..... the Department of Children and Family Services in this cause under chapter 39, Florida Statutes.
The following persons appeared before the court:
..... .....(Name)....., Petitioner
..... .....(Name)....., Attorney for the petitioner
..... .....(Name)....., Attorney for the department
..... .....(Name)....., Department caseworker
..... .....(Name)....., Mother
..... .....(Name)....., Attorney for mother
..... .....(Name)....., Father of .....(child).....
..... .....(Name)....., Attorney for father
..... .....(Name)....., Guardian ad litem
..... .....(Name)....., Attorney for guardian ad litem
..... .....(Name)....., Legal custodian
..... .....(Name)....., Attorney for legal custodian
..... .....(Name)....., The child
..... .....(Name)....., Attorney/Attorney ad litem for the child
..... .....(Name)....., Other: ..........
and the court having considered:
..... Judicial Review Social Study Report filed by the Department;
..... Statement/homestudy filed by the Department;
..... Report of the Guardian Ad Litem;
..... Case plan filed by the Department;
..... Statement by the Child's Caretaker;
..... Whether or not the child is a citizen and, if the child is not a citizen, the steps that have been taken to address the citizenship or residency status of the child;
..... Other: ................
AND THE COURT having heard testimony and argument, and having been otherwise duly advised in the premises finds:
1. That the minor child(ren) who is/are the subject matter of these proceedings was/were adjudicated dependent, continue to be dependent, is/are of an age subject to the jurisdiction of the court, and is/are resident(s) of the state of Florida.
2. The following parties were notified of this hearing and provided a copy of the documents filed for this hearing:
..... .....(Name)....., Petitioner
..... .....(Name)....., Attorney for the petitioner
..... .....(Name)....., Attorney for the department
..... .....(Name)....., Department caseworker
..... .....(Name)....., Mother
..... .....(Name)....., Attorney for mother
..... .....(Name)....., Father of .....(child).....
..... .....(Name)....., Attorney for father
..... .....(Name)....., Guardian ad litem
..... .....(Name)....., Attorney for guardian ad litem
..... .....(Name)....., Legal custodian
*829 ..... .....(Name)....., Attorney for legal custodian
..... .....(Name)....., Other:
...........
3. The mother, .....(name).....:
..... did not appear and ..... was ..... was not represented by legal counsel;
..... appeared ..... with ..... without legal counsel and ..... was ..... was not advised of her right to legal counsel;
knowingly, intelligently, and voluntarily ..... waived ..... did not waive her right to legal counsel; and
..... was ..... was not determined to qualify as indigent; and
..... was ..... was not appointed an attorney.
4. The father, .....(name).....:
..... did not appear and ..... was ..... was not represented by legal counsel;
..... appeared ..... with ..... without legal counsel and ..... was ..... was not advised of his right to legal counsel;
knowingly, intelligently, and voluntarily ..... waived ..... did not waive his right to legal counsel; and
..... was ..... was not determined to qualify as indigent; and
..... was ..... was not appointed an attorney.
COMMENT: Repeat above for each father.
5. The department filed a judicial review report with the court on ..... (date)..... This judicial review report ..... is ..... is not in compliance with the statutory requirements.
6. The following parents/legal custodians were notified of their right to participate in the preparation of the case plan and to receive assistance from any other person in the preparation of the case plan: .....(names of those notified).....
7. The mother has complied with the following tasks in the case plan: .....(list tasks complied with).....
8. The mother has not complied with the following tasks in the case plan: .....(list tasks not complied with).....
9. The father, .....(father's name)....., has complied with the following tasks in the case plan: .....(list tasks complied with).....
10. The father, .....(father's name)....., has not complied with the following tasks in the case plan: .....(list tasks not complied with).....
11. The mother ..... has ..... has not complied with court ordered visitation as follows: .....(explanation of visitation compliance).....
12. The father, .....(father's name)....., ..... has ..... has not complied with court ordered visitation as follows: .....(explanation of visitation compliance).....
13. The department ..... has ..... has not complied with court ordered visitation as follows: .....(explanation of visitation compliance).....
14. The mother ..... has ..... has not complied with court ordered financial support for the child as follows: .....(explanation of financial compliance).....
15. The father, .....(father's name)....., ..... has ..... has not complied with court ordered financial support for the child as follows: .....(explanation of financial compliance).....
16. The mother ..... has ..... has not complied with court ordered meetings with the department as follows: .....(explanation of meetings compliance).....
*830 17. The father, .....(father's name)....., ..... has ..... has not complied with court ordered meetings with the department as follows: .....(explanation of meetings compliance).....
18. The department ..... has ..... has not complied with court ordered meetings with the parents as follows: .....(explanation of meetings compliance).....
COMMENT: Use 19, 20, 21, & 22, & 23 if child(ren) is/are not placed in the home of a parent.
..... 19. It is in the best interest of the minor child(ren) to be placed in the care and custody of .....(placement ordered).....
..... 20. Placement of the minor child(ren) in the care and custody of .....(placement ordered)..... is in a setting which is as family like and as close to the home as possible, consistent with the child(ren)'s best interests and special needs.
..... 21. Return of the minor child(ren) to the custody of .....(person(s) from whom child(ren) was/were originally removed)..... would be contrary to the best interest and welfare of the minor child(ren). The child(ren) cannot safely .....remain .....return home with services and removal of the child(ren) is necessary to protect the child(ren).
..... 22. Prevention or reunification services ..... were not ..... were indicated and are as follows: .....(services indicated).....Further efforts could not have shortened separation of this family because ...................
..... 23. The likelihood of the children's reunification with the parent or legal custodian within 12 months is .................
COMMENT: Use 2324 if child(ren) remain(s) or is/are returned to the parent(s).
..... 2324. The child(ren) can safely ..... remain with ..... be returned to .....(parent('s)(s') name(s))..... as long as he/she/they comply(ies) with the following:
....................
The safety, well-being, and physical, mental, and emotional health of the child(ren) are not endangered by allowing the child(ren) to ..... remain ..... return home.
THEREFORE, based upon the foregoing findings, it is hereby ORDERED AND ADJUDGED that:
1. The minor child(ren), .....(name(s))....., be placed in the custody of .....(name)....., under supervision of the department.
2. The judicial review report filed by the department is:
..... not accepted and a continuance was requested.
..... accepted by the court.
..... 3. The court finds that it is not likely that the child(ren) will be reunified with the parent or legal custodian within 12 months after the child was removed from the home. The department shall file a motion within 10 days of receipt of this written order to amend the case plan to incorporate concurrent planning into the case plan.
4. The court inquired of any parents present whether they have relatives who might be considered for placement of the children.
35. Other:
..................
46. All prior orders not inconsistent with the present order shall remain in full force and effect.
57. This court shall retain jurisdiction over this cause to enter any such further orders as may be deemed necessary for *831 the best interest and welfare of the minor child(ren).
68. This matter is scheduled for Judicial Review on .....(date)..... at .....(time).....
DONE AND ORDERED in .............., Florida, on .....(date).....
 _________________
 Circuit Judge

NOTICE OF HEARING
The Juvenile Court hereby gives notice of hearing in the above-styled cause on .....(date)..... at ..... a.m./p.m., before .....(judge)....., at .....(location)....., or as soon thereafter as counsel can be heard.
In accordance with the Americans With Disabilities Act, persons needing a special accommodation to participate in this proceeding should contact the Office of the Court Administrator no later than 7 days before the proceeding at .....(telephone number).....
Copies furnished to: ____________
FORM 8.976 PROPOSED RELATIVE PLACEMENT

PROPOSED RELATIVES FOR PLACEMENT
Pursuant to Chapter 39, Florida Statutes, the .....mother/father..... hereby provides the court and the parties with the names and location of relatives who might be considered for placement of the child(ren). The .....mother/father..... will continue to inform the court and the parties of any relative who should be considered for placement of the child(ren) with the filing of subsequent forms.

 MATERNAL PATERNAL
Name: Name:
...................... ......................
Address: Address:
...................... ......................
Phone number: Phone number:
...................... .......................
Relationship to child: Relationship to child:
...................... .......................
Name: Name:
...................... .......................
Address: Address:
...................... .......................
Phone number: Phone number:
...................... .......................
Relationship to child: Relationship to child:
...................... .......................
Name: Name:
...................... .......................
Address: Address:
...................... .......................
Phone number: Phone number:
...................... .......................
Relationship to child: Relationship to child:
...................... .......................
Name: Name:
...................... .......................
Address: Address:
...................... .......................
Phone number: Phone number:
...................... .......................
Relationship to child: Relationship to child:
...................... .......................
Name: Name:
...................... .......................
Address: Address:
...................... .......................
Phone number: Phone number:
...................... .......................
Relationship to child: Relationship to child:
...................... ........................

The above information is true and correct to the best of my knowledge. Dated .......

_____________________ ____________________
(Mother's Signature)___ (Father's Signature)
Printed name: ........ Printed name:
......................

*832 FORM 8.977. ORDER AUTHORIZING CHILD TO ENTER INTO RESIDENTIAL LEASEHOLD BEFORE THE CHILD'S 18TH BIRTHDAY
ORDER AUTHORIZING CHILD TO ENTER INTO RESIDENTIAL LEASEHOLD BEFORE THE CHILD'S 18TH BIRTHDAY
THIS CAUSE came before the court to remove the disabilities of nonage of .....(name)....., for the purpose of entering into a residential leasehold and the court being fully advised in the premises FINDS as follows:
.....(Name)..... is 17 years of age, meets the requirements of section 743.045, Florida Statutes, and is entitled to the benefits of that statute.
THEREFORE, based on these findings of fact, it is ORDERED AND ADJUDGED that the disabilities of nonage of .....(name)..... are hereby removed for the purpose of entering a residential leasehold. .....(Name)..... is hereby authorized to make and execute contracts, releases, and all other instruments necessary for the purpose of entering into a residential leasehold. The contracts or other instruments made by .....(name)..... for the purposes of entering into a residential leasehold shall have the same effect as though they were the obligations of a person who is not a minor.
ORDERED at ..............., Florida, on .....(date).....
 ____________________
Circuit Judge