PER CURIAM.
This matter is before the Court for consideration of proposed amendments to the Florida Rules of Criminal Procedure, the Florida Rules of Juvenile Procedure, and the Florida Family Law Rules. We have jurisdiction. See art. V, § 2(a), Fla. Const.
By administrative order dated July 6, 2004, the Court charged the Task Force on Treatment-Based Drug Courts (Task Force)[1] with the following:
*251 1. Develop strategies to assist judges with integrating drug court principles in family court proceedings.
2. Review national and state evaluations on drug courts and develop recommended standards of practice for the management of drug courts.
3. Develop standards for dependency and delinquency drug courts.
In re Task Force on Treatment-Based Drug Courts, Fla. Admin. Order No. AOSC04-27 (July 26, 2004) (on file with Clerk, Fla. Sup.Ct.). The Task Force was also “authorized to propose amendments to rules of court procedure on issues involving drug courts, as well as pursue those amendments with the appropriate Florida Bar rules committees.” Id.
On July 24, 2006, the Task Force submitted to this Court a petition requesting that the Court recognize the importance and effectiveness of drug courts by adopting the recommendations made by the Task Force in its 2004 Report on Florida’s Drug Courts and formally recognizing the Ten Key Components of drug courts recently codified by the Legislature, see § 397.334(2)(a)-(j), Fla. Stat. (2006). The petition also proposed, for the Court’s consideration, several “critical performance indicators and data elements” to be used in evaluating the performance and effectiveness of Florida drug courts and a set of guidelines for juvenile delinquency and dependency drug courts. Finally, the petition proposed amendments to Florida Rules of Criminal Procedure 3.131 (Pretrial Release) and 3.170 (Pleas), Florida Rules of Juvenile Procedure 8.010 (Detention Hearing), 8.115 (Disposition Hearing), 8.160 (Transfer of Cases), and 8.250 (Examinations, Evaluations, and Treatment),[2] and Family Law Rule 12.010 (Scope, Purpose, and Title). Only the proposed rule amendments are addressed in this opinion. The Task Force’s other recommendations and requests have been severed from this case and will be addressed separately.
The proposed rule amendments were published for comment in The Florida Bar News on October 15, 2006, with a specific request that the Criminal, Juvenile, and Family Law Rules Committees provide comments to the Court. The committees’ comments have been received. No other comments were filed in response to the publication. The Task Force has filed a response to the committees’ comments.
Upon consideration of the committees’ comments and the Task Force’s response, we adopt several amendments to the Florida Rules of Criminal Procedure and Florida Rule of Juvenile Procedure 8.115 as proposed by the Task Force. Florida Rule of Juvenile Procedure 8.115 (Disposition Hearing) is amended to provide that a child’s need for substance abuse evaluation and treatment may be considered at the disposition hearing. Similarly, Florida Rule of Criminal Procedure 3.131 (Pretrial Release) is amended to provide that a defendant’s need for substance abuse evaluation and treatment may be considered by the court as a factor in determining whether, and on what conditions, to grant pretrial release.
Rule 3.170 (Pleas) is amended to permit a defendant who pleads guilty or nolo con- *252 tendere to a charge for the purpose of transferring the case and participating in a drug court program pursuant to section 910.035, Florida Statutes (2006), to file a motion to withdraw the plea upon successful completion of the program. In order to establish a similar provision in the juvenile rules, the Task Force proposed an amendment to Florida Rule of Juvenile Procedure 8.160 to provide that a child who pleads guilty or nolo contendere to a charge for the purpose of transferring a case under section 910.035 may file a motion to withdraw the plea upon successful completion of the juvenile drug court treatment program. We agree with the Task Force that this provision should be included in the juvenile rules but conclude that the more appropriate placement for this provision is in rule 8.075 (Pleas). Accordingly, new subdivision (f) is added to rule 8.075 to provide:
(f) Withdrawal of Plea After Drug Court Transfer. A child who pleads guilty or nolo contendere to a charge for the purpose of transferring the case, under section 910.035, Florida Statutes, may file a motion to withdraw the plea upon successful completion of the juvenile drug court treatment program.
Finally, we decline to amend Florida Rule of Juvenile Procedure 8.010 and Florida Family Law Rule 12.010 as proposed by the Task Force. We refer the proposed amendment to rule 8.010 back to the Task Force and to the Juvenile Court Rules Committee for joint consideration. The proposed amendment to rule 12.010 is referred to the Family Law Steering Committee and the Family Law Rules Committee for further consideration.
Florida Rules of Criminal Procedure 3.131 (Pretrial Release) and 3.170 (Pleas) and Florida Rules of Juvenile Procedure 8.075 (Pleas) and 8.115 (Disposition Hearing) are amended as set forth in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective immediately upon the release of this opinion.
It is so ordered.
LEWIS, C.J., and WELLS, ANSTEAD, PARIENTE, QUINCE, CANTERO, and BELL, JJ., concur.
APPENDIX
Rule 3.131. Pretrial Release
(a) [No change]
(b) Hearing at First Appearance— Conditions of Release.
(1) Unless the state has filed a motion for pretrial detention pursuant to rule 3.132, the court shall conduct a hearing to determine pretrial release. For the purpose of this rule, bail is defined as any of the forms of release stated below. Except as otherwise provided by this rule, there is a presumption in favor of release on non-monetary conditions for any person who is granted pretrial release. The judicial officer shall impose the first of the following conditions of release that will reasonably protect the community from risk of physical harm to persons, assure the presence of the accused at trial, or assure the integrity of the judicial process; or, if no single condition gives that assurance, shall impose any combination of the following conditions:
(A) personal recognizance of the defendant;
(B) execution of an unsecured appearance bond in an amount specified by the judge;
(C) placement of restrictions on the travel, association, or place of abode of the defendant during the period of release;
*253 (D) placement of the defendant in the custody of a designated person or organization agreeing to supervise the defendant;
(E) execution of a bail bond with sufficient solvent sureties, or the deposit of cash in lieu thereof; provided, however, that any criminal defendant who is required to meet monetary bail or bail with any monetary component may satisfy the bail by providing an appearance bond; or
(F) any other condition deemed reasonably necessary to assure appearance as required, including a condition requiring that the person return to custody after specified hours.
(2) The judge shall at the defendant’s first appearance consider all available relevant factors to determine what form of release is necessary to assure the defendant’s appearance. If a monetary bail is required, the judge shall determine the amount.
(3) In determining whether to release a defendant on bail or other conditions, and what that bail or those conditions may be, the court may consider the nature and circumstances of the offense charged and the penalty provided by law; the weight of the evidence against the defendant; the defendant’s family ties, length of residence in the community, employment history, financial resources, need for substance abuse evaluation and/or treatment, and mental condition; the defendant’s past and present conduct, including any record of convictions, previous flight to avoid prosecution, or failure to appear at court proceedings; the nature and probability of danger that the defendant’s release poses to the community; the source of funds used to post bail; whether the defendant is already on release pending resolution of another criminal proceeding or is on probation, parole, or other release pending completion of sentence; and any other facts the court considers relevant.
(4) No person charged with a dangerous crime, as defined in section 907.041(4)(a), Florida Statutes, shall be released on non-monetary conditions under the supervision of a pretrial release service, unless the service certifies to the court that it has investigated or otherwise verified the conditions set forth in section 907.041(3)(b), Florida Statutes.
(5) All information provided by a defendant in connection with any application for or attempt to secure bail, to any court, court personnel, or individual soliciting or recording such information for the purpose of evaluating eligibility for or securing bail for the defendant, under circumstances such that the defendant knew or should have known that the information was to be used in connection with an application for bail, shall be accurate, truthful, and complete, without omissions, to the best knowledge of the defendant. Failure to comply with the provisions of this subdivision may result in the revocation or modification of bail. However, no defendant shall be compelled to provide information regarding his or her criminal record.
(6) Information stated in, or offered in connection with, any order entered pursuant to this rule need not strictly conform to the rules of evidence.
(c) — (i) [No change]
Committee Notes
[No change]
Court Comment
[No change]
Rule 3.170. Pleas
(a) — (k) [No change]
(Z) Motion to Withdraw the Plea after Sentencing. A defendant who pleads guilty or nolo contendere without express *254 ly reserving the right to appeal a legally dispositive issue may file a motion to withdraw the plea within thirty days after rendition of the sentence, but only upon the grounds specified in Florida Rule of Appellate Procedure 9.140(b)(2)(A)(ii)(a)-(e) except as provided by law.
(m) Motion to Withdraw the Plea after Drug Court Transfer. A defendant who pleads guilty or nolo contendere to a charge for the purpose of transferring the case, pursuant to section 910.035, Florida Statutes, may file a motion to withdraw the plea upon successful completion of the drug court treatment program.
Committee Notes
[No change]
Rule 8.075. Pleas
No written answer to the petition nor any other pleading need be filed.
(a)-(e) [No change]
(f) Withdrawal of Plea After Drug Court Transfer. A child who pleads guilty or nolo contendere to a charge for the purpose of transferring the case, under section 910.035, Florida Statutes, may file a motion to withdraw the plea upon successful completion of the .juvenile drug court treatment program.
Rule 8.115. Disposition Hearing
(a) Information Available to Court. At the disposition hearing the court, after establishing compliance with the disposi-tional considerations, determinations, and discussions required by law, may receive any relevant and material evidence helpful in determining the proper disposition to be made. It shall include written reports required by law, and may include, but shall not be limited to, the child’s need for substance abuse evaluation and/or treatment, and any psychiatric or psychological evaluations of the child that may be obtained and that are relevant and material. Such evidence may be received by the court and may be relied upon to the extent of its probative value, even though not competent in an adjudicatory hearing.
(b)-(d) [No change]
Committee Notes
[No change]

. The Treatment-Based Drug Court Steering Committee was established in 1998 to make recommendations on the legal, policy, and procedural issues confronting treatment-based drug courts and explore the extent to which this concept can provide a meaningful *251 solution to the devastating effect of substance abuse on our society. This steering committee was reconstituted in 2002 as the Task Force on Treatment-Based Drug Courts.

. Amendments to rule 8.250 identical to those proposed by the Task Force in this case were proposed by the Juvenile Court Rules Committee and recently adopted by the Court in another case. See In re Amendments to the Florida Rules of Juvenile Procedure, 951 So.2d 804 (Fla.2007). Accordingly, we do not further address these proposed amendments here.