PER CURIAM.
By previous opinion in this matter, the Court adopted several rule amendments based on recommendations made by the Task Force on Treatment-Based Drug Courts (Task Force). In re: Amend. to Fla. Rules of Crim. Pro., Fla. Rules of Juv. Pro., & Fla. Fam. Law Rules—Report of Task Force on Treatment-Based Drug Courts, 959 So.2d 250, 251 (Fla.2007).[1] Some of the Task Force’s recom *504 mendations, however, were not adopted and were instead referred to various rules committees for consideration. One such recommendation was the Task Force’s recommendation to amend Florida Rule of Juvenile Procedure 8.010 (Detention Hearing) to add the following provision to the list of issues, set forth in this rule, to be determined at a detention hearing: “The court shall consider the nature and circumstances of the offense charged, the child’s need for substance abuse evaluation and/or treatment, and the child’s mental condition.” In a comment filed with the Court, the Juvenile Court Rules Committee opposed this amendment, and as a result, the Court declined to adopt it and instead referred it back to the Task Force and to the Juvenile Court Rules Committee for joint consideration. Id. at 252.
On October 8, 2007, the Juvenile Court Rules Committee responded to the Court’s referral. The Committee reported that the Committee and the Task Force had been unable to agree to a revised version of the proposed amendment. The Committee also reiterated its objections to the proposed amendment. The Committee stated that its position was that the criteria for determining whether probable cause exists to detain a child is circumscribed by statute and that those criteria do not include a child’s mental condition or need for substance abuse evaluation or treatment. § 985.255, Fla. Stat. (2007). The Committee also stated:
Pursuant to F.S. 985.145, the court is limited to what it may consider before adjudication. One of the current hot topics in juvenile law has been the improper use of information learned from the child at intake that is provided to the court prior to disposition in violation of F.S. 985.145(4). Obviously a detention hearing is prior to disposition. This is primarily a problem from an information-gathering instrument called the PACT. Mental health and substance abuse issues are discussed as part of the PACT, before the child even has counsel. Such information is prohibited without the child’s written consent, and when written consent is provided it’s not informed, voluntary consent.
Thus, the Committee believes that the amendment proposed by the Task Force is contrary to law. The Committee stated that it had voted 24-3-1 to again adopt its previous position opposing the amendment.
On December 28, 2007, the Task Force responded, acknowledging the concerns of the Committee, but requesting that the Court adopt its proposed amendment. The Task Force stated that the amendment was “never intended to alter or supplement the statutory requirements for detention, circumvent statutory requirements, or enhance the Risk Assessment Instrument.”[2] The Task Force further recommended that a note be added to rule 8.010 to clarify that the “amended rule provisions can only be used to facilitate early substance abuse and mental health evaluations consistent with the clear legislative intent to expedite the processing of juvenile delinquency cases” and to specify that the “amendment does not alter detention criteria, enhance the Risk Assessment Instrument, or change statutory detention considerations.”
We appreciate the input of both the Committee and the Task Force in this *505 matter. After consideration, due to the objections of the Committee, we decline to adopt the amendment to rule 8.010 proposed by the Task Force.
It is so ordered.
QUINCE, C.J., and WELLS, ANSTEAD, PARIENTE, and LEWIS, JJ., concur.
CANADY and POLSTON, JJ., did not participate.

. We have jurisdiction. See art. V, § 2(a), Fla. Const. The Task Force was “authorized to propose amendments to rules of court procedure on issues involving drug courts, as well as pursue those amendments with the appropriate Florida Bar rules committees.” In re Task Force on Treatment-Based Drug Courts, Fla. Admin. Order No. AOSC04-27 (July 26, 2004) (on file with Clerk, Fla. Sup. CL).

. Section 985.245, Florida Statutes (2007), requires that, in the absence of a specific statutory exception, an order placing a child in detention must be based on a risk assessment of the child. The risk assessment is done uniformly throughout the state on a standardized document known as a Risk Assessment Instrument. See K.E. v. Dep't of Juv. Justice, 963 So.2d 864 (Fla. 1st DCA 2007).