Affirmed and Memorandum Opinion filed February 24, 2011.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-10-00628-CV

____________

 

IN THE INTEREST OF J.L.E.O., a child

 



 

On Appeal from the 306th District Court

Galveston County, Texas

Trial Court Cause No. 09FD01631

 



 

M E M O R
A N D U M   O P I N I O N

This is an appeal from the denial of declaratory relief. 
Appellant, The Children’s Center (“the Center”), brought this action on behalf
of J.L.E.O. (“the child”) pursuant to 8 U.S.C. § 1101(a)(27)(J), the
Immigration and Nationality Act, as amended by the Trafficking Victims
Protection and Reauthorization Act of 2008, (collectively, “the Act”).[1]  The Center sought findings necessary to enable the
child to petition the United States Citizenship and Immigration Services for Special
Immigrant Juvenile Status (“SIJS”) under the Act, which allows alien minors who
have been determined to be abused, neglected or abandoned to stay in the United
States and apply for a permanent visa.  See 8 C.F.R. § 204.11.  As a
prerequisite to applying for SIJS, a state juvenile court must make findings
that the immigrant child (1) is under twenty-one years of age; (2) is
unmarried; (3) has been declared dependent upon a juvenile court; (4) has been
deemed eligible by the juvenile court for long-term foster care;[2] (5) continues to be dependent upon the juvenile court
and eligible for long-term foster care, and (6) it would not be in the child’s
best interest to be returned to the country of nationality.  See 8
C.F.R. § 204.11(c). 

On June 25, 2009, the Center filed a petition in a suit
affecting the parent-child relationship (“SAPCR”) in the 306th District Court
in Galveston.[3]   See Tex. Fam. Code. § 101.032.  In the
petition, the Center asserted that it had actual care, control and possession
of the child since December of 2008, and his parents are deceased.  The Center
asked the court to name it as the child’s sole managing conservator, and
declare that the child is dependent on the court and it is not in the child’s
best interest to be returned to Honduras, his country of nationality.  The
child who is the subject of this suit was born August 4, 1991.  When this
action was initiated, the child was seventeen and would be eighteen in less
than two months.  

The trial court conducted an evidentiary hearing on July 27,
2009.  During the hearing, the court indicated that the Center had not provided
sufficient evidence to support the requested findings and expressed concern
that the child would be eighteen shortly.  On August 3, 2009, the trial court notified
the Center that the requested relief was denied.  Our record contains no signed
order denying relief.

In April of 2010, the Center filed a request for a
declaratory judgment seeking the SIJS findings.  When the declaratory action
that is the subject of this appeal was filed, the child was eighteen.  No
evidentiary hearing was conducted.  The court considered the Center’s brief and
the child’s affidavit.  The court denied declaratory relief on June 1, 2010,
and this appeal followed.  On appeal, the Center raises one issue, asserting
that the trial court erred in refusing to make the requested findings so that
the child may pursue his application for SIJS.

The Act delegates the authority to make the necessary
findings of fact regarding children eligible for SIJS to state juvenile courts.[4]  See 8 C.F.R. § 204.11(a), (d)(2).  Under the
Act, a juvenile court is “any court having jurisdiction under State law to make
judicial determinations about the custody and care of juveniles.”  8 C.F.R. §
204.11(a).  In Texas, family district courts have jurisdiction over child
welfare, custody, support, dependency neglect, and delinquency, among other
matters.  Tex. Gov’t Code § 24.601(b).  Therefore, family district courts are
considered juvenile courts under the Act.  

The Texas Family Code provides that in suits affecting the
parent-child relationship, a “child” is “a person under 18 years of age who is
not and has not been married or who has not had the disabilities of minority
removed for general purposes.”  Tex. Fam. Code § 101.003(a).  It is undisputed
that J.L.E.O. was eighteen years old on August 4, 2009.  Because J.L.E.O. was
no longer a child as defined by the Texas Family Code when the Center’s request
for declaratory relief was filed and considered by the court, the juvenile
court no longer had jurisdiction over the person to make the requested
findings.[5]   See Sheng v. Pogash, 415 F. Supp. 2d 550, 560
(S. D. Tex. 2006) (recognizing urgency of child’s request for injunction to
permit him to proceed in state court before his eighteenth birthday when the
court would lose jurisdiction over him).  Moreover, the trial court properly
refused to make the requested findings because J.L.E.O. is an adult under Texas
law.  Therefore, he is not dependent on the juvenile court, one of the
statutory prerequisites.  See 8 C.F.R. § 204.11(c).

We reject the Center’s contention that the juvenile court
retained continuing, exclusive jurisdiction pursuant to Sections 155.002 and
155.003 of the Texas Family Code, providing for the retention and exercise of
continuing, exclusive jurisdiction over conservatorship matters.  Section
155.001 provides that a court acquires continuing, exclusive jurisdiction over child
conservatorship matters “on the rendition of a final order.”  Tex. Fam.
Code § 155.001(a) (emphasis supplied).  No final order had been rendered in
these proceedings before the child’s eighteenth birthday.  Therefore, the
juvenile court did not acquire continuing, exclusive jurisdiction over
J.L.E.O.  

The trial court did not err in denying the requested relief. 
Accordingly, the trial court’s order is affirmed.

PER CURIAM

 

Panel consists of Chief Justice
Hedges and Justices Frost and Christopher.  









[1]  According to the Act, a “special immigrant”
includes:

(J)
an immigrant who is present in the United States--

(i) who has been declared dependent on a juvenile
court located in the United States . . . and whose reunification with 1 or both
of the immigrant’s parents is not viable due to abuse, neglect, abandonment, or
a similar basis found under State law;

(ii) for whom it has been determined in administrative
or judicial proceedings that it would not be in the alien's best interest to be
returned to the alien’s or parent’s previous country of nationality or country
of last habitual residence; and 

(iii) in whose case the Secretary of Homeland Security
consents to the grant of special immigrant juvenile status . . . .

8 U.S.C. § 1101(a)(27)(J).





[2]   According
to the statute, “eligible for long-term foster care” means that “a
determination has been made by the juvenile court that family reunification is
no longer a viable option. A child who is eligible for long-term foster care
will normally be expected to remain in foster care until reaching the age of
majority, unless the child is adopted or placed in a guardianship situation.
For the purposes of establishing and maintaining eligibility for classification
as a special immigrant juvenile, a child who has been adopted or placed in
guardianship situation after having been found dependent upon a juvenile court
in the United States will continue to be considered to be eligible for
long-term foster care.”  8 C.F.R. § 204.11(a).

 





[3]  The 306th District Court is a family district court,
and juvenile matters in Galveston County are docketed in the 306th District
Court.  See Tex. Gov’t Code § 24.614(b).  





[4]  In Texas, a juvenile court has exclusive jurisdiction
over all proceedings involving delinquent conduct or conduct indicating a need
for supervision engaged in by a person who was a “child” when the person
engaged in the conduct.  See Tex. Fam. Code § 51.04(a).  The Act’s
definition of juvenile court is broader, however, and includes the jurisdiction
granted to Texas family district courts.

 





[5]   We note
that in some states, the court’s jurisdiction over juveniles may be extended.  See
e.g., Fla. Stat. § 39.013(2); In re Amend. to Fla. R. Juv. P., 951
So.2d 804, 812 (Fla. 2007) (“If a petition for special immigrant juvenile
status and an application for adjustment of status have been filed on behalf of
a foster child and the petition and application have not been granted by the
time the child reaches 18 years of age, the court may retain jurisdiction
solely for the purpose of allowing the continued consideration of the petition
and application by federal authorities. Review hearings shall be set solely for
the purpose of determining the status of the petition and application. The
court's jurisdiction shall terminate on the final decision of the federal
authorities, or on the immigrant child's 22nd birthday, whichever occurs first.”) 
Texas has no similar provision.